IN THE CIRCUIT COURT FOR
PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| VALERIE M. STEVENS<br>9102 Trumps Hill Road<br>Upper Marlboro, Maryland 20772<br><br>FAMESHA OKOEKA, f/k/a FAMESHA STEVENS<br>8841 Landsdowne Avenue<br>Harrisburg, North Carolina 28075<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION<br>800 Nicollett Mall<br>Minneapolis, Minnesota 55402<br><br>Serve on: Resident Agent<br>The Corporation Trust Inc.<br>351 West Camden Street<br>Baltimore, Maryland 21201<br><br>USAA FEDERAL SAVINGS BANK<br>10750 Mcdermott Freeway<br>San Antonio, Texas 78288<br><br>Serve on: President<br>David Bohne<br>USAA Federal Savings Bank<br>10750 Mcdermott Freeway<br>San Antonio, Texas 78288<br><br>Defendants. | Civil No. |

COMPLAINT

**COMPLAINT**

Plaintiffs Valerie M. Stevens and Famesha Okoeka (formerly Famesha Stevens) file this complaint against Defendants U.S. Bank National Association ("U.S. Bank") and USAA Federal Savings Bank ("USAA").

PARTIES

1. Valerie M. Stevens resided in Prince George's County, Maryland during the operative period of this complaint, and continues to reside in Prince George's County, Maryland.

2. Famesha Okoeka resided in Harrisburg, North Carolina during the operative period of this complaint, and continues to reside in Harrisburg, North Carolina.

3. U.S. Bank is a national bank organized under the laws of the United States, and maintains its principal place of business in Minnesota. During the operative period of the complaint, U.S. Bank acted through its actual or apparent agents, servants or employees, who acted within the scope of their said agency, and over whom U.S. Bank asserted actual or constructive direction, control or authority. The identities of said agents may be ascertained from U.S. Bank's pertinent records.

4. USAA is an unincorporated association organized under the laws of the United States, and maintains its principal place of business in Texas. During the operative period of the complaint, USAA acted through its actual or apparent agents, servants or employees, who acted within the scope of their said agency, and over whom USAA asserted actual or constructive direction, control or authority. The identities of said agents may be ascertained from USAA's pertinent records.

## JURISDICTION AND VENUE

5. The relief claimed in this action includes injunctive relief, declaratory judgment and specific performance of a contract. This Court, therefore, has original jurisdiction over this matter pursuant to MD. CODE, CTS. & JUD. PROC. § 1-501.

6. Venue is proper in this Court, pursuant to MD. CODE, CTS. & JUD. PROC. § 6-202(3), in that U.S. Bank and USAA are corporations which have no principal place of business in Maryland, and Ms. Stevens resides in Prince George's County, Maryland.

## FACTUAL ALLEGATIONS

7. On October 31, 2006, Mses. Stevens and Okoeka obtained a mortgage loan from USAA. (Ex. 1, Note.) The loan was secured by the Deed of Trust recorded among the land records of Baltimore City, Maryland in Liber 8703, Page 008. (Ex. 2, Deed of Trust.) Ms. Stevens executed the documents on her own behalf, and on behalf of Ms. Okoeka pursuant to the Specific Power of Attorney recorded among the land records of Baltimore City, Maryland in Liber 8703, Page 001. (Ex. 3, Specific Power of Attorney.)

8. USAA was the mortgage servicer for the loan during the operative period of this complaint.

9. Ms. Okoeka made the monthly mortgage payments directly to USAA. (Ex. 4, Ms. Okoeka's Bank Account Transaction Record.)

10. On September 12, 2013, USAA assigned the mortgage to U.S. Bank, pursuant to the Assignment of Mortgage recorded among the land records of Baltimore City, Maryland in Liber 5647, Page 369. (Ex. 5, Assignment of Mortg.)

11. Neither Ms. Okoeka nor Ms. Stevens received any notice or correspondence from USAA or U.S. Bank suggesting that USAA would discontinue accepting the mortgage payments.

12. USAA continued to accept Ms. Okoeka's mortgage payments until May 13, 2014. (Ex. 4, Ms. Okoeka's Bank Account Transaction Record.)

13. On June 23, 2014, USAA, without any justification, began returning Ms. Okoeka's mortgage payments. (*Id.*) USAA returned Ms. Okoeka's June 13, 2014, July 14, 2014, and August 15, 2014 mortgage payments. (*Id.*) USAA did not notify Ms. Okoeka or Ms. Stevens of any other entity that would accept the payments.

14. Even though USAA returned the payments, U.S. Bank noted the payments, as indicated by the December 4, 2014 Notice of Intent to Foreclose, which indicates that U.S. Bank received the August 13, 2014 payment. (Ex. 6, Notice of Intent to Foreclose.)

15. U.S. Bank would then apply the payments to the mortgage, as indicated in the said notice, which indicates that the August 13, 2014 payment was at one point applied to the payment due for February 1, 2014. (*Id.*)

16. However, U.S. Bank would then return the payment, without any justification. (Ex. 4, Ms. Okoeka's Bank Statement.)

17. U.S. Bank has since noted the mortgage as in default, and has prepared to file foreclosure proceedings by appointing substitute trustees, pursuant to the Substitution of Trustee recorded among the land records of Baltimore City, Maryland in Liber 16888, Page 381. (Ex. 7, Substitution of Trustee.) This presents the threat of immediate, substantial and irreparable injury to Mses. Stevens and Okoeka.

18. Under the Note, U.S. Bank and USAA are contractually obligated to accept Ms. Okoeka's mortgage payments and apply them to the mortgage balance. (Ex. 1, Note.)

19. USAA has wrongfully failed to transmit the payments to U.S. Bank, and has wrongfully failed to apply the payments to the mortgage balance. Additionally, or in the alternative, U.S. Bank has wrongfully failed to apply the payments to the mortgage balance.

20. As a direct and proximate result of U.S. Bank and USAA's wrongful conduct, Mses. Stevens and Okoeka have incurred damages. Mses. Stevens and Okoeka have suffered economic damages in the form of damage to their credit ratings as a result of U.S. Bank or USAA reporting a false default on the mortgage to credit agencies. Mses. Stevens and Okoeka have further suffered noneconomic damages in the form of mental anguish that has manifested physically, in the form of sleep loss and other physical symptoms.

21. There is no foreclosure-triggering default because a foreclosure is an equitable proceeding and U.S. Bank and USAA have unclean hands in the matter, as they are required to apply Ms. Okoeka's payments to the mortgage balance, which would nullify any default.

## COUNT I
## BREACH OF CONTRACT

22. Plaintiffs incorporate all preceding paragraphs as if set forth fully herein.

23. As evidenced by the Note, Plaintiffs and Defendants had legal capacity to make the agreement embodied by the Note, and mutually agreed to the terms and conditions of the Note. (Ex. 1, Note.)

24. The Note states with reasonable certainty what Plaintiffs and Defendants have undertaken, and the promises in the Note were supported by consideration. (*Id.*)

25. The Note requires U.S. Bank and USAA to accept Ms. Okoeka's mortgage payments and apply them to the mortgage balance.

26. USAA's failure to transmit the payments to U.S. Bank and failure to apply the payments to the mortgage balance, and, or in the alternative, U.S. Bank's failure to apply the payments to the mortgage balance, constitute material breaches of the contract.

27. Plaintiffs have acted in good faith in attempting to perform their obligations under the contract, and remain ready, able and willing to perform their obligations.

28. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs suffered the damages outlined in paragraph 20 of this complaint, all of which were the natural and foreseeable consequences of Defendants' conduct.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of Plaintiffs and against Defendants, award compensatory damages in the amount of $75,000.00, award prejudgment and postjudgment interest along with the costs of this action, grant specific performance by enforcing Defendants' contractual obligations as alleged herein, and grant Plaintiffs such other and further relief as justice requires.

COUNT II
<u>NEGLIGENCE</u>

29. Plaintiffs incorporate all preceding paragraphs as if set forth fully herein.

30. Plaintiffs shared a contractual relationship with Defendants under the Note. The parties, therefore, shared an intimate nexus. Special circumstances attached to the contractual relationship, because Plaintiffs were particularly vulnerable to the risk of losing their home insofar as they were dependent upon Defendants, and only Defendants, to process their mortgage payments. There is a public interest in proper loan servicing.

31. Moreover, it was foreseeable to Defendants that Plaintiffs would risk suffering the mental anguish outlined in paragraph 20 of this complaint if Defendants failed to apply their payments, as that would give rise to the imminent threat of a wrongful foreclosure.

32. Defendants, therefore, owed tort duties to Plaintiffs as a result of the intimate nexus created by the contractual relationship, Plaintiffs' vulnerability to harm and dependency on Defendants, and the foreseeable risk of physical injury.

33. Defendants knew or should have known, and their said duties required them, to accept Ms. Okoeka's mortgage payments and apply them to the mortgage balance.

34. USAA's failure to transmit the payments to U.S. Bank and failure to apply the payments to the mortgage balance, and, or in the alternative, U.S. Bank's failure to apply the payments to the mortgage balance, constitute breaches of their said tort duties.

35. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs suffered the damages outlined in paragraph 20 of this complaint, all of which were the natural and foreseeable consequences of Defendants' conduct.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of Plaintiffs and against Defendants, award compensatory damages in the amount of $75,000.00, award prejudgment and postjudgment interest along with the costs of this action, and grant Plaintiffs such other and further relief as justice requires.

## COUNT III
## DECLARATORY JUDGMENT

36. Plaintiffs incorporate all preceding paragraphs as if set forth fully herein.

37. An actual controversy exists among the parties, in that Defendants refuse to apply Plaintiffs' mortgage payments to the mortgage balance without any justification.

38. Antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, in that Defendants' wrongful conduct has lead them to declare default on the mortgage, and appoint substitute trustees to file foreclosure proceedings.

39. Plaintiffs assert their right to have their payments applied to the mortgage balance in accordance with the terms and conditions of their contract with Defendants, and this is challenged by Defendants, who have a concrete interest in the mortgage.

40. A declaratory judgment articulating Defendants' obligations would serve to terminate the uncertainty or controversy giving rise to this proceeding.

WHEREFORE, Plaintiffs respectfully request that the Court enter a declaratory judgment in favor of Plaintiffs and against Defendants, award prejudgment and postjudgment interest along with the costs of this action, and grant such other and further relief as justice requires.

COUNT IV
INJUNCTIVE RELIEF

41. Plaintiffs incorporate all preceding paragraphs as if set forth fully herein.

42. Maryland Rule 15-502 allows any court to issue an injunction upon the terms that justice may require at any stage of an action.

43. Defendants should apply Plaintiffs' payments to the mortgage balance.

44. There is a strong likelihood Plaintiffs will succeed on the merits of their claims.

45. Less injury would be done to Defendants by granting the injunctive relief than would result to Plaintiffs by denying the injunctive relief.

46. Plaintiffs will suffer immediate, substantial and irreparable injury absent injunctive relief.

47. The public interest is best served by granting the injunctive relief.

48. There is no adequate remedy at law for Plaintiffs to pursue.

WHEREFORE, Plaintiffs respectfully request that the Court grant an injunction prohibiting Defendants from pursuing foreclosure, and requiring Defendants to apply Plaintiffs' mortgage payments to the mortgage balance.

**DEMAND FOR JURY TRIAL**

Plaintiffs Valerie M. Stevens and Famesha Okoeka demand a jury trial as to all issues in this matter.

Respectfully submitted,

Jason A. Ostendorf
LAW OFFICE OF JASON OSTENDORF LLC
One Corporate Center, Suite 400
10451 Mill Run Circle
Owings Mills, Maryland 21117-5594
Telephone: 410.356.8859
Jostendorf@ostendorflaw.com

Dated: April 6, 2015

*Counsel for Valerie M. Stevens and Famesha Okoeka*