```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

                                 :
VALERIE M. STEVENS, et al.
                                 :

    v.                           :   Civil Action No. DKC 15-1780

                                 :
U.S. BANK NATIONAL ASSOCIATION,
et al.                           :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion to remand filed by Plaintiffs Valerie Stevens and Famesha Okoeka ("Plaintiffs"). (ECF No. 18). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to remand will be denied.

**I.   Background**

Plaintiffs commenced this action on April 6, 2015, by filing a complaint in the Circuit Court for Prince George's County against Defendants U.S. Bank National Association ("U.S. Bank") and USAA Federal Savings Bank ("USAA") (collectively the "Defendants"). (ECF No. 7). The complaint alleges that, in October 2006, Plaintiffs obtained a mortgage loan from USAA, and the subsequently made multiple monthly payments to USAA. (ECF No. 7 ¶ 7-9). On September 12, 2013, USAA assigned Plaintiffs' mortgage to U.S. Bank. (ECF No. 7-7, at 2). Plaintiffs allege

that they did not receive notice from USAA or U.S. Bank indicating that that USAA would stop accepting mortgage payments. (ECF No. 7 ¶ 11). The complaint asserts that on June 23, 2014, USAA began returning Plaintiffs' mortgage payments. (*Id.* ¶ 13). It is not completely clear how Plaintiffs allege USAA and U.S. Bank exactly handled their payments. It appears that they contend that USAA returned the payments to Plaintiffs. "U.S. Bank would then apply the payments to the mortgage" but then also return the payments. (*Id.* ¶ 14-16). U.S. Bank has noted the mortgage was in default as of March 2, 2014. (ECF No. 8, at 2). U.S. Bank sent Plaintiffs a Notice of Intent to Foreclose asserting that Plaintiffs are in default by $20,949.30. (ECF No. 7-8).

Plaintiffs' complaint purports to raise causes of action for breach of contract (Count I) and negligence (Count II). Plaintiffs allege that Defendants were contractually required to accept Plaintiffs' mortgage payments and were negligent in not ensuring the appropriate entity received the payments Plaintiffs submitted to USAA. (ECF No. 7, at 5-7). For these counts, Plaintiffs seek $75,000.00 in compensatory economic and emotional damages. (*Id.*). Plaintiffs also seek declaratory judgment (Count III) and an injunction (Count IV) declaring that Defendants must apply Plaintiffs payments to the mortgage

balance and enjoining Defendants from foreclosing on the property. (*Id.* at 7-8).

Defendant U.S. Bank timely removed to this court, citing diversity of citizenship as the jurisdictional basis. (ECF No. 6). U.S. Bank filed an amended notice of removal noting that USAA consents to removal. (ECF No. 9). Plaintiffs then filed the pending motion to remand. (ECF No. 18). Defendant U.S. Bank filed an opposition (ECF No. 19), and Plaintiffs did not reply.

**II.  Standard of Review**

When the plaintiff challenges the propriety of removal, the defendant bears the burden of proving proper removal. *See Greer v. Crown Title Corp.*, 216 F.Supp.2d 519, 521 (D.Md. 2002) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). In considering a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Philip Morris Inc.*, 950 F.Supp. 700, 702 (D.Md. 1997) (internal quotation marks omitted). This standard reflects the reluctance of federal courts "to interfere with matters properly before a state court." *Id.* at 701.

**III. Analysis**

28 U.S.C. § 1441 allows defendants to remove an action "brought in a State court of which the district courts of the

United States have original jurisdiction." Pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."

It is undisputed that the diversity requirement is satisfied in this case, but the parties disagree as to whether the amount in controversy meets the jurisdictional minimum. Generally, the amount requested in the complaint determines the amount in controversy. *See Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F.Supp.2d 506, 508-09 (D.Md. 2002) (citing *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3$^d$ Cir. 1993)). 28 U.S.C. § 1441(c)(2)(A) allows "the notice of removal [to] assert the amount in controversy if the initial pleading seeks . . . nonmonetary relief." As the undersigned has noted previously:

> "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). The United States Court of Appeals for the Fourth Circuit applies the "either-viewpoint" rule in determining the value of the object of the litigation. *See Gonzalez v. Fairgale Props. Co.*, 241 F.Supp.2d 512, 517 (D.Md. 2002). Under that rule, a court must consider "the potential pecuniary effect that a judgment would have on either party to the litigation." *Liberty Mut. Fire Ins. Co. v. Hayes*, 122 F.3d 1061, at *3 (4th Cir. 1997) (per curiam) (citing *Government*

4

> *Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). More specifically, the relevant inquiry is whether "the 'direct pecuniary value' of the right the plaintiff seeks to enforce, or the cost to the defendant of complying with any prospective equitable relief exceeds $75,000." *Lee v. Citimortgage, Inc.*, 739 F.Supp.2d 940, 946 (E.D.Va. 2010) (quoting *Lee School Lofts, L.L.C. v. Amtax Holdings 106 LLC*, No. 3:08cv427, 2008 WL 4936479, at *3 (E.D.Va. Oct. 29, 2008)). In making a determination, a court "should consider all the evidence in the record" and "specify exactly what relief the Plaintiff seeks [in order] to understand what evidence might be relevant to its pecuniary value." *Id*. (internal marks and citations omitted).

*Void v. OneWest Bank*, No. DKC-11-0838, 2011 WL 3240478, at *3 (D.Md. July 27, 2011); *see, e.g.*, *Brown v. Santander Consumer USA, Inc.*, No. WDQ-14-3874, 2015 WL 4879288 (D.Md. Aug. 13, 2015); *Mostofi v. CitiMortgage, Inc.*, No. DKC-11-2177, 2011 WL 4596225, at *3 (D.Md. Sep. 30, 2011). Here, because Plaintiffs seek exactly $75,000.00 in monetary damages, Defendants only need to show that the injunctive relief sought is worth one penny or greater.

Plaintiffs assert that their "complaint only seeks $75,000.00 in damages, and does not seek one penny more than $75,000.00. The entire amount sought by the complaint, exclusive of interest and costs, is an even $75,000.00." (ECF No. 18 ¶ 3). Defendants counter that the injunctive relief pushes the complaint beyond the one penny needed to satisfy

diversity jurisdiction. (ECF Nos. 9, at 2-3; 19, at 6-7). Defendants put forth multiple approaches to reach their conclusion that the value of the injunctive relief is one penny or greater. First, they note that the underlying mortgage is $288,000. (ECF No. 9, at 2). They also highlight that the amount Plaintiffs are in default is $20,949.30. (ECF No. 19, at 6). Finally, Defendants contend that Plaintiffs are seeking to have at least three alleged payments of $1,900 applied to their mortgage to avoid default. (*Id.*). These three payments, totaling $5,700, would be enough to establish diversity jurisdiction.

Plaintiffs are seeking "an injunction prohibiting Defendants from pursuing foreclosure." (ECF No. 7, at 8). In similar cases, courts often look at the value of the mortgage to determine the amount in controversy. *See, e.g.*, *Monton v. America's Servicing Co.*, No. 2:11-cv-678, 2012 WL 3596519, at *3-4 (E.D.Va. Aug. 20, 2012); *Void*, 2011 WL 3240478, at *3; *see also Bowers v. Bank of America, N.A.*, 905 F.Supp.2d 697, 701 (D.Md. 2012) (considering the value of the property the plaintiff sought to avoid foreclosure on when determining amount in controversy). Here, the amount of the underlying mortgage is $288,000. (ECF No. 7-3, at 2). The current value of the property is unknown, but it is surely at least one penny. Plaintiffs' sought after relief would provide them with the

6

continued value of the property and would deprive Defendants of the ability to foreclose on the property.  At the very least, Plaintiffs' complaint seeks to prevent Defendants from using foreclosure to collect the default amount of $20,949.39, which is more than sufficient to satisfy diversity jurisdiction.[1]

**IV. Conclusion**

For the foregoing reasons, the motion to remand filed by Plaintiffs will be denied.  A separate order will follow.

                                            /s/
                              DEBORAH K. CHASANOW
                              United States District Judge

---

[1] Because Plaintiffs are seeking one penny less than the amount required to establish diversity jurisdiction, injunctive relief of any value will be sufficient to establish jurisdiction.  Accordingly, it is not necessary to decide exactly what the appropriate measure of value is in the current case.

7