IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:

VALERIE M. STEPHENS, et al.

:

   v.                           :     Civil Action No. DKC 15-1780

:

U.S. BANK NATIONAL ASSOCIATION,
et al.                            :

### MEMORANDUM OPINION AND ORDER

Plaintiffs Valerie M. Stevens and Famesha Okoeka ("Plaintiffs") filed this action in state court on April 6, 2015, against Defendants U.S. Bank National Association ("U.S. Bank") and USAA Federal Savings Bank ("USAA") (collectively, the "Defendants"). (ECF No. 7).  After removal to the United States District Court for the District of Maryland and resolution of some initial procedural matters, a scheduling order was entered. (ECF No. 32).  Shortly thereafter, counsel for Plaintiffs moved to withdraw at their request (ECF No. 34), and Plaintiffs were notified that they were proceeding without counsel (ECF No. 35). The deadlines in the scheduling order were extended for 60 days at their request, and the discovery period expired on September 11, 2016.  (ECF No. 37).

On June 14, 2016, Defendant USAA filed a motion to compel responses to interrogatories and requests for production of documents as to both Plaintiffs, reciting that neither Plaintiff

had responded to the discovery requests or to attempts to confer. (ECF No. 38). Neither Plaintiff filed a response to the motion and, on July 6, it was granted. (ECF No. 39). Plaintiffs were ordered to provide full responses no later than July 22, and they were forewarned that failure to provide discovery could result in dismissal of their complaint and an order to pay Defendant's expenses. (*Id.*). On August 16, Defendant USAA moved for discovery sanctions, reciting that Plaintiffs still had not responded to the discovery requests, and additionally had failed to appear for properly noticed depositions. (ECF No. 41). Defendant U.S. Bank filed a similar motion on August 29 (ECF No. 42), and the scheduling order was stayed pending resolution of these motions (ECF No. 44). Defendants have certified that they have, in good faith, conferred or attempted to confer with Plaintiffs in an effort to resolve these issues without court action. (ECF Nos. 41, at 13; 42-1 ¶ 4). Plaintiffs' responses in opposition were due by September 2 and September 15, but again, Plaintiffs have not responded to either motion.

As Defendants note, it appears that Plaintiffs have abandoned this litigation. Plaintiffs have provided no response to Defendant USAA's discovery requests, and accordingly did not comply with the court's order granting Defendant USAA's motion

to compel.[1]   (ECF No. 41 ¶ 15).   They have failed to appear at or reschedule their depositions.   (ECF Nos. 41 ¶¶ 16-17, 22-24; 41-6; 42, at 4-5; 42-1 ¶¶ 8, 10).   Obviously, this case cannot proceed if Plaintiffs do not participate in discovery.   Where a party fails to obey an order to provide discovery or fails to appear for her own deposition, the sanctions available include orders "dismissing the action or proceeding in whole or in part," in addition to which, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."   Fed.R.Civ.P. 37(b)(2)(A)(v), (C); *id.* 37(d)(3); *see also Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995).   The drastic sanction of dismissal may not be imposed except in the most compelling circumstances, and is guided by the application of a four factor test:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the

---

[1]   In addition, Plaintiffs have failed to respond to Defendant U.S. Bank's interrogatories, requests for production of documents, and requests for admission. (ECF Nos. 42, at 3-4; 42-1 ¶¶ 4-5, 9).

particular sort of noncompliance; and (4)
the effectiveness of less drastic sanctions.
[*Wilson v. Volkswagen of Am., Inc.*, 561 F.2d
494, 503-06 (4th Cir. 1977)].
Such an evaluation will insure that
only the most flagrant case, where the
party's noncompliance represents bad faith
and callous disregard for the authority of
the district court and the Rules, will
result in the extreme sanction of dismissal
or judgment by default. *Id.* at 504.  In
such cases, not only does the noncomplying
party jeopardize his or her adversary's case
by such indifference, but to ignore such
bold challenges to the district court's
power would encourage other litigants to
flirt with similar misconduct.    [*Nat'l
Hockey League v. Metro. Hockey Club Inc.*,
427 U.S. 639, 643 (1976)]; *Wilson*, 561 F.2d
at 504.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872

F.2d 88, 92 (4th Cir. 1989).

Despite the requirements of the Federal Rules of Civil

Procedure, a court order, and repeated warnings that they could

be subject to sanctions, including dismissal (*see* ECF Nos. 39;

44), Plaintiffs have not participated in the discovery process.

Discovery has now closed, and it appears that Plaintiffs do not

intend to pursue this litigation.   A complete failure to

participate in discovery prejudices the other party to an

extreme degree, and such noncompliance must be deterred.

Accordingly, it is this 31st day of October, 2016, by the United

4

States District Court for the District of Maryland, ORDERED that:

1.  Plaintiffs are directed to show cause why the complaint should not be dismissed with prejudice and why they should not be ordered to pay reasonable attorneys' fees within fourteen (14) days;

2.  Failure to respond to this order will result in dismissal of Plaintiffs' complaint without further notice and an order providing Defendants an opportunity to file a request for fees; and

3.  The clerk will transmit copies of this Memorandum and Show Cause Order to Plaintiffs and to counsel for Defendants.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
