IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | : |
| VALERIE M. STEPHENS, et al. | |
| | : |
| v. | : Civil Action No. DKC 15-1780 |
| | : |
| U.S. BANK NATIONAL ASSOCIATION, | |
| et al. | : |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Valerie M. Stevens and Famesha Okoeka ("Plaintiffs") filed this action in state court on April 6, 2015, against Defendants U.S. Bank National Association ("U.S. Bank") and USAA Federal Savings Bank ("USAA") (collectively, "Defendants"). (ECF No. 7). After removal to the United States District Court for the District of Maryland, a scheduling order was entered. (ECF No. 32). Shortly thereafter, counsel for Plaintiffs moved to withdraw at their request (ECF No. 34), and Plaintiffs were notified that they were proceeding without counsel (ECF No. 35).

On June 14, 2016, USAA filed a motion to compel responses to interrogatories and requests for production of documents as to both Plaintiffs, and moved for attorneys' fees, reciting that neither Plaintiff had responded to its discovery requests or to attempts to confer. (ECF No. 38). Plaintiffs did not file a response to the motion and, on July 6, the motion to compel was

granted.  (ECF No. 39).  Plaintiffs were ordered to provide full responses no later than July 22, and they were forewarned that failure to provide discovery could result in dismissal of their complaint and an order to pay USAA's expenses.  (*Id.*).

On August 16, USAA moved for discovery sanctions, reciting that Plaintiffs still had not responded to the discovery requests, and additionally had failed to appear for their properly noticed depositions.  (ECF No. 41).  U.S. Bank filed a similar motion on August 29.  (ECF No. 42).  Again, Plaintiffs did not respond.  On October 31, the court ordered Plaintiffs to show cause within fourteen days why their complaint should not be dismissed with prejudice and why they should not be ordered to pay reasonable attorneys' fees.  (ECF No. 45).  Plaintiffs were warned that failure to respond to the order would result in the dismissal of their complaint without further notice and an order providing Defendants an opportunity to file a request for fees.  (*Id.*).  Plaintiffs did not respond.  Accordingly, on November 18, the court granted Defendants' motions for sanctions, dismissed Plaintiffs' complaint with prejudice, and provided Defendants fourteen days to supplement their request for reasonable expenses, including attorneys' fees.  (ECF No.

46).   USAA filed a supplemental motion for attorneys' fees on December 2 (ECF No. 47), which Plaintiffs have not opposed.[1]

USAA requests an award of reasonable attorneys' fees incurred in connection with: (1) its motion to compel discovery (ECF No. 38); (2) its motion for sanctions for Plaintiffs' failure to comply with the July 6th order compelling discovery and failure to appear for depositions (ECF No. 41); and (3) its "efforts to obtain discovery responses, and with the noticing and appearance for the Plaintiffs' depositions on July 29, 2016." (ECF No. 41, at 12).  In total, USAA seeks $5,179.50 for 18.8 hours of work performed by three attorneys: Andrew L. Cole, Allen M. DeBard, and Alexander R. Green.[2]

To determine the proper fee award, the court starts with the "lodestar" figure, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *see Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F.Supp.2d 479, 490 (D.Md. 2005) (using lodestar method to award attorney's fees as sanction for discovery violation); *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F.Supp.2d 780, 787 (D.Md. 2000)

---

[1] U.S. Bank did not supplement its request for attorneys' fees.

[2] The time records included in USAA's supplement reflect 20.6 hours.  The court assumes that USAA intended to deduct the difference, 1.8 hours performed by Mr. Green, in its exercise of billing judgment.

(same).  "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"  *Duprey v. Scotts Co.*, 30 F.Supp.3d 404, 412 (D.Md. 2014) (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)).  In determining what constitutes a reasonable number of hours and rate, the court considers the factors set out in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).  *See also* Local Rule 109.2.  This court has also established presumptively reasonable rates in Appendix B to its Local Rules.  *See, e.g.*, *Duprey*, 30 F.Supp.3d at 412 (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D.Md. 2000)).  In addition, the specific facts of the case are to be considered in calculating a reasonable figure.

USAA submits that hourly rates of $315 for Mr. Cole, who has been practicing law since 1999, and $240 for Mr. DeBard and Mr. Green, who have been practicing since 2008 and 2012, respectively, are below the prevailing hourly rates customarily charged in the local legal community.  (ECF No. 47, at 4-5). USAA has provided no evidence regarding the prevailing market rate.  In the absence of such evidence, the court may rely on its own knowledge of the market.  *CoStar Grp.*, 106 F.Supp.2d at 788.  The requested rates are within the guidelines range for Mr. Cole and Mr. DeBard, but above the suggested range based on

4

Mr. Green's experience. *See* Local Rules, App'x B.  As Mr. Cole and Mr. DeBard's rates are presumptively reasonable and unchallenged, the court finds that they are reasonable.  In light of the court's knowledge of rates charged for similar work by lawyers practicing before this court and in the absence of any evidence that Mr. Green's requested rate is reasonable and consistent with the prevailing market rates, Mr. Green's hourly rate will be reduced to $225.

Rule 37(a)(5)(A) provides that if a motion to compel is granted, as it was here, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  The awarding of expenses and fees is mandatory unless the court finds that one of three exceptions applies: (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" (2) "the opposing party's nondisclosure, response, or objection was substantially justified;" or (3) "other circumstances make an award of expenses unjust." *Id.*  None of the three exceptions apply here. USAA made a good faith attempt to resolve the issue by contacting Plaintiffs. (*See* ECF No. 41, at 13).  Plaintiffs have provided no justification for their failure to respond to

the discovery requests and have put forth no reason why the
award of attorneys' fees would be unjust.   USAA's billing
records describe the work performed and the hours, to the tenth
of an hour, expended on each task.   (ECF No. 47, at 2-3); *see*
Local Rule 109.2.   The records reflect that Mr. Cole spent 1.6
hours on the motion to compel, and Mr. DeBard spent 2.6.
Although the number of hours expended are well-documented with
specificity, USAA offers no explanation or justification
supporting the need for multiple lawyers to work on this case,
and it appears that there was some unreasonable duplication of
hours.   The motion to compel was necessitated by Plaintiffs'
failure to make any response to USAA's discovery requests, and
the motion itself was unopposed.   USAA also cannot recover for
Mr. Cole's effort to contact Plaintiffs in order to obtain the
discovery without court action as a reasonable expense incurred
in making the motion, and this time will be deducted from its
award.   Accordingly, USAA's requested award of $1,285.50 for
attorneys' fees incurred in making the motion to compel will be
reduced to $1,000.00.

Rule 37 also requires a court to award certain reasonable
attorneys' fees and expenses when a party has failed to comply
with a court order or has failed to attend its own deposition.
Instead of or in addition to other sanctions, "the court must
order the party failing to act. . . to pay the reasonable

expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d)(3); *id.* 37(b)(2)(C).  As Plaintiffs did not respond to the court's order directing them to show cause why they should not be ordered to pay reasonable attorneys' fees, the court cannot find that their failure to participate in discovery was substantially justified or that circumstances make an award of expenses unjust.  USAA's billing records describe the work performed and the hours, to the tenth of an hour, expended on each task.  (ECF No. 47, at 3); *see* Local Rule 109.2.  The records reflect that Mr. Cole spent 3.2 hours appearing at Plaintiffs' scheduled depositions and working on the motion for sanctions and 2.4 hours on the supplemental fee request, and that Mr. Green spent 7.3 hours on the motion for sanctions.  The number of hours expended are well-documented with specificity, but USAA offers no explanation or justification supporting the need for multiple lawyers to work on this case.  Both the motion for sanctions and the request for attorneys' fees were unopposed, and it appears that there was some unreasonable duplication of hours.  The court finds that attorneys' fees in the amount of $3,000.00 are reasonable expenses caused by Plaintiffs' failure to comply with the discovery order or appear at their depositions.

Finally, USAA includes in its request 1.2 hours of Mr. Cole's time spent reviewing the court's discovery orders and communicating with Plaintiffs and U.S. Bank regarding deposition scheduling prior to Plaintiffs' failure to appear. These are not "reasonable expenses incurred in making the motion" to compel, Fed.R.Civ.P. 37(a)(5)(A), as this work followed the court's order granting the motion to compel. The fees also cannot be "reasonable expenses . . . caused by the failure" to appear for the depositions, *id.* 37(b)(2)(C); 37(d)(3), because they were incurred before Plaintiffs had failed to appear. Accordingly, the requested hours are unreasonable and will not be awarded.

For the foregoing reasons, the court finds that an award of attorneys' fees in the amount of $4,000.00 is reasonable and will be awarded to USAA.

Accordingly, it is this 8th day of May, 2017, by the United States District Court for the District of Maryland, ORDERED that:

1.   The supplemental motion for attorneys' fees filed by Defendant USAA Federal Savings Bank (ECF No. 47) BE, and the same hereby IS, GRANTED;

2.   Plaintiffs Valerie M. Stevens and Famesha Okoeka BE, and the same hereby ARE, ORDERED to pay Defendant USAA Federal

Savings   Bank   $4,000.00   in   attorneys'   fees   pursuant   to
Fed.R.Civ.P. 37(a)(5)(A); (b)(2)(C); (d)(3); and

    3.    The   clerk   will   transmit   copies   of   this   Memorandum
Opinion  and  Order  to  *pro  se*  Plaintiffs  directly  and  to  counsel
for Defendants and CLOSE this case.


                                      /s/
                            DEBORAH K. CHASANOW
                            United States District Judge